UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
DIANE WORD,                             :
                        Plaintiff,      :
                                        :     09 Civ. 8983 (DLC)
            -v-                         :
                                        :     MEMORANDUM OPINION
ANTHONY J. ANNUCCI, Executive Deputy    :            & ORDER
Commissioner of State of New York       :
Department of Correctional Services,    :
                        Defendant.      :
                                        :
----------------------------------------X

APPEARANCES:

For plaintiff:

Diane Word, pro se
96-G-0380
Bedford Hills Correctional Facility
P.O. Box 1000
Bedford Hills, NY 10507

For defendant:

Wesley E. Bauman
New York State Office of The Attorney General
120 Broadway, 24th Floor
New York, NY 10271


DENISE COTE, District Judge:

        Plaintiff Diane Word ("plaintiff"), proceeding pro se and

in forma pauperis ("IFP"), brings this action against Anthony

Annucci (the "defendant") in his official capacity as the

Executive Deputy Commissioner of the New York State Department

of Correctional Services ("DOCS").  The complaint asserts claims

under 42 U.S.C. § 1983, the Religious Land Use Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc, Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 1201 et seq., and § 504 of the Rehabilitation Act, 29 U.S.C. § 794(a). On March 19, 2010, defendant moved to dismiss the complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) or, in the alternative, to revoke plaintiff's IFP status and conditionally dismiss the complaint pursuant to the "three-strikes" rule of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g).  The motion became fully submitted on April 30, 2010.[1]  For the following reasons, plaintiff's IFP status is revoked and the complaint is conditionally dismissed pending plaintiff's payment of the entire filing fee.

BACKGROUND

1.  Plaintiff's Complaint

        Plaintiff has been in the custody of DOCS since 1992 and is currently incarcerated at Bedford Hills Correctional Facility ("Bedford Hills").  On October 26, 2009, plaintiff filed the complaint in the instant action and was granted IFP status.  In the complaint, plaintiff alleges that environmental tobacco smoke ("ETS") "lingers in the air of outdoor prison areas" and

---

[1] On May 10, 2010, plaintiff filed a surreply without seeking leave of this Court.  Nothing in plaintiff's surreply would alter the conclusion reached in this Opinion.

"partially spreads into indoor prison areas" at Bedford Hills. As a result of her "involuntary exposure" to ETS, plaintiff alleges that she has "acquired physical impairments of breathing disability, digestive disability and crooked teeth disability." Plaintiff further alleges that defendant is deliberately indifferent to the fact that ETS permeates the indoor prison areas and that DOCS' physicians wrongfully refused to treat plaintiff's ETS-related disabilities.   Plaintiff claims that she exhausted her administrative remedies and that she is "in imminent danger of serious physical injury caused by involuntary exposure to hazardous [ETS]."

2.   Plaintiff's Prior Lawsuits

Plaintiff has filed at least five other § 1983 actions or appeals while incarcerated that have been dismissed as frivolous or for failure to state a claim upon which relief can be granted.[2]   First, in Word v. Exec. Dir. N.Y. State Bd. of Elections, No. 00 Civ. 6645 (MBM), plaintiff's complaint was dismissed sua sponte for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2).[3]   The court refused to issue a certificate

---

[2] The Court takes judicial notice of filings in plaintiff's prior lawsuits, and of the docket sheets for those actions, see Fed. R. Evid. 201, in resolving the pending motion to dismiss plaintiff's complaint pursuant to the PLRA's three-strikes rule.

[3] 28 U.S.C. § 1915(e)(2) provides in pertinent part:

of appealability because it found that any appeal from the court's order would not be taken in good faith.

Second, in <u>Word v. Croce et al.</u>, No. 01 Civ. 9614 (LTS), plaintiff's complaint was dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).  <u>See</u> <u>Word v. Croce</u>, 230 F. Supp. 2d. 504 (S.D.N.Y. 2002).  The district court also "enjoin[ed] Plaintiff from filing, without prior leave of this Court, further actions in federal court concerning . . . [her] diet[] and medical and dental care claims raised in this case."  <u>Id.</u> at 515.  Plaintiff appealed.  Finding that the plaintiff's appeal "lack[ed] an arguable basis in fact or law," the Court of Appeals dismissed the appeal pursuant to 28 U.S.C. § 1915(e).

Third, in <u>Word v. Croce et al.</u>, No. 07 Civ. 1894 (KMW), plaintiff's complaint was dismissed <u>sua sponte</u> for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2).  Although the district court declined to issue a certificate of appealability, plaintiff appealed.  Finding that the appeal "lack[ed] an arguable basis in law or fact," the Court of Appeals dismissed the appeal pursuant to 28 U.S.C. § 1915(e).

---

Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal -- (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

DISCUSSION

Congress enacted the PLRA "with the principal purpose of deterring frivolous prisoner lawsuits and appeals." Tafari v. Hues, 473 F.3d 440, 443 (2d Cir. 2007) (citation omitted).  To that end, "the PLRA contains a 'three-strikes' rule that bars prisoners from proceeding IFP if they have a history of filing frivolous or malicious lawsuits unless the exception for imminent danger applies." Pettus v. Morgenthau, 554 F.3d 293, 296 (2d Cir. 2009).  The three-strikes rule reads as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

"[F]or a prisoner to qualify for the imminent danger exception, the danger must be present when [s]he files [her] complaint -- in other words, a three-strikes litigant is not excepted from the filing fee if [s]he alleges a danger that has dissipated by the time a complaint is filed." Pettus, 554 F.3d at 296.  In addition, "the complaint of a three-strikes litigant must reveal a nexus between the imminent danger it alleges and the claims it asserts." Id. at 298.

As outlined above, plaintiff has filed at least three previous § 1983 lawsuits or appeals that count as strikes for purposes of § 1915(g).  Each of these actions was dismissed by the district court for failure to state a claim upon which relief could be granted pursuant to either Fed. R. Civ. P. 12(b)(6) or 28 U.S.C. § 1915(e)(2).  In addition, plaintiff's appeals from two of these decisions were dismissed by the Court of Appeals as lacking an arguable basis in law or fact pursuant to § 1915(e).  Thus, each of these dismissed appeals also qualifies as a strike for purposes of § 1915(g).

Plaintiff fails to plead any facts that plausibly suggest that she was "under imminent danger of serious physical injury" when she filed the complaint in this action.  The complaint alleges that ETS "lingers in the air of outdoor prison areas" and "partially spreads into indoor prison areas."  Notably absent from the complaint are any allegations of continuous or direct contact with ETS, or any concrete allegations of the consequences of such contact.  The complaint merely alleges in a conclusory fashion that plaintiff "acquired physical impairments of breathing disability, digestive disability and crooked teeth disability" and that she is in "imminent danger of serious physical injury."  In addition, plaintiff's conclusory allegation that she was denied medical treatment for her ETS-related disabilities is insufficient to satisfy the imminent

danger exception to the three-strikes rule.  See Welch v. Galie,
207 F.3d 130, 131-32 (2d Cir. 2000).

Accordingly, plaintiff does not qualify for the imminent
danger exception under § 1915(g).  Plaintiff is therefore barred
by the PLRA's three-strikes rule from proceeding IFP in this
action.

CONCLUSION

Defendant's March 19, 2010 motion to revoke plaintiff's IFP
status and conditionally dismiss the complaint pursuant to 28
U.S.C. § 1915(g) is granted.  Plaintiff's IFP status is revoked
and the complaint is conditionally dismissed unless plaintiff
pays the entire filing fee within 30 days of this Order.  If
plaintiff fails to timely pay the filing fee, the action shall
be dismissed with prejudice.  Defendant's motion to dismiss
pursuant to Fed. R. Civ. P. 12(b)(6) is denied without prejudice
to renewal in the event that this action is reinstated.

SO ORDERED:

Dated:    New York, New York
          May 27, 2010

                                    DENISE COTE
                           United States District Judge